IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MONALETA D. ALLEN, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO: |
| : | 7:24-cv-46—WLS-ALS |
| TYRONE OLIVER, : | |
| : | |
| Respondent. : | |
| _____ : | |

## **ORDER**

On April 18, 2024, Petitioner signed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), which was amended on July 16, 2024 (Doc. 8) (together the "Federal Petition").[1] On September 4, 2024, Respondent filed a Motion to Dismiss Petition as Untimely (Doc. 10) ("Motion to Dismiss").

Presently pending before the Court is the Recommendation of United States Magistrate Judge Alfreda L. Sheppard filed March 28, 2025. (Doc. 14). Therein, Judge Sheppard recommends granting Respondent's Motion to Dismiss. (*See* Doc. 14 at 6). Judge Sheppard's Recommendation provided the parties with fourteen days within which to file an objection. (*Id.*) After being granted an extension of time, Petitioner filed a timely Objection to Recommendation (Doc. 17) ("Objection") effective April 15, 2025.

## I.   PROCEDURAL HISTORY

On November 22, 1995, Petitioner pled guilty to the following four counts of an eighteen count indictment filed against him in the Superior Court of Lowndes County, Georgia: Count One—Malice Murder; Count Fifteen—Armed Robbery; Count Sixteen—

---

[1] Document 1 was docketed on May 8, 2024, and Document 8 was docketed on August 2, 2024. However, under the prisoner mailbox rule, a prisoner's pleading is considered filed on the date the prisoner delivers it to prison authorities for filing. Absent evidence to the contrary, in the form of prison logs or other records, it is assumed a motion was delivered to prison authorities on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

1

Possession of a Firearm During the Commission of a Crime; and Count Eleven—Aggravated Assault. (Docs. 11-1, 11-2). Petitioner received concurrent life sentences on Counts One and Fifteen; a five-year consecutive sentence on Count Sixteen, and a twenty-year consecutive sentence on Count Eleven. (Doc. 11-2). Petitioner did not file a direct appeal of his convictions or sentences, and thus, his convictions and sentences became final on December 29, 1995.

## II.   STANDARD OF REVIEW

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If no timely objection is filed, the court considers the recommendation for clear error. "Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (alteration adopted) (citation and internal quotation marks omitted).

To properly object to the Recommendation, Petitioner is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort*, 208 F. App'x at 783 (citation and internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (citation and internal quotations marks omitted). However, *pro se* parties are still required to make their own arguments and provide supporting authority for those arguments. "The leniency afforded to *pro se* pleadings 'does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (*quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Petitioner states that Judge Sheppard recommends dismissing his Federal Petition because he did not establish that equitable tolling is warranted or that he is innocent. (Doc. 17 at 2). Assuming that these are the portions of Judge Sheppard's proposed findings and

recommendation to which Petitioner intends to object, the Court notes that he did not state why these findings are erroneous.[2] Instead Petitioner makes only general objections to the Recommendation, essentially reiterating his arguments as to ineffective assistance of counsel during his state court criminal proceedings and alleging, without citation to authority, that the State of Georgia has a "decades long practice of judicial economy in failing to inform defendants of their right to a direct appeal and then refusing to hear a case of plain Sixth Amendment violations." (*See* Doc. 17 at 4 & Doc. 13). Because Petitioner failed to provide specific bases for his Objection, the Court reviews the Recommendation for clear error. *See Macort*, 208 F. App'x at 783–84.

## III.   THE FEDERAL PETITION

Judge Sheppard recommended granting the Motion to Dismiss because the Federal Petition was untimely filed, and Petitioner failed to establish that equitable tolling was warranted or that Petitioner was actually innocent of the crimes for which he stands convicted. (Recommendation 6). Upon review of each basis, the Court agrees.

As noted by Judge Sheppard, Petitioner's convictions became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241, *et seq.* ("AEDPA"). Thus, Petitioner had one year after the effective date of the AEDPA, or until April 23, 1997, within which to file his Federal Petition, or toll the one-year grace period by filing a state habeas petition. (*See* Recommendation 3).

Judge Sheppard has fully and completely outlined the Petitioner's state court filings and found that Petitioner's Federal Petition is untimely. The Court reviewed the state court filings, and without reiterating Judge Sheppard's outline, agrees with her analysis and conclusion. Petitioner did not file his first state habeas petition until October 2, 2003, which was denied on June 6, 2007. (Docs. 11-3, 11-4; Recommendation 2–3)). None of Petitioner's successive state court pleadings tolled the deadline for Petitioner to file his Federal Petition, which was

---

[2] Petitioner did not specifically indicate that he objects to any portion of the Recommendation, but merely identifies Judge Sheppard's "holding that Respondent's Motion to Dismiss be Granted because Petitioner has not established that equitable tolling is warranted or that he is innocent." (Doc. 17 at 2).

3

due April 23, 1997, but was not filed until April 18, 2024. The Federal Petition was untimely filed.

Judge Sheppard found that Petitioner's failure to timely file his Federal Petition should not be excused based on Petitioner's allegations of ineffective assistance of counsel because Petitioner failed to allege or establish that he diligently sought to appeal or establish that Petitioner's attorney abandoned him. (Recommendation 14). The Court agrees and further notes that Petitioner asserts he instructed his attorney at the conclusion of his guilty plea hearing and after sentencing, that Petitioner wanted to file an appeal. (Doc. 13 at 1, 3; Doc. 17 at 4). Petitioner further asserts that when he realized an appeal was not filed, he filed his first state habeas petition. Inexplicably, Petitioner states in his Objection that after advising his attorney that he wanted to file an appeal, Petitioner waited *two* years and then filed his first habeas petition. (Doc. 17 at 4 (emphasis added)). However, Petitioner's first state habeas petition was not filed until October 2, 2003—which was almost eight, not two, years after Petitioner's November 22, 1995 sentencing hearing. Regardless, whether Petitioner waited two years or eight years to decide to check on the status of the appeal he alleges to have instructed his attorney to file on his behalf, it is clear that Petitioner did not diligently pursue his right to appeal and equitable tolling is not warranted.

Finally, the Court agrees that "Petitioner has not set forth any probative evidence of actual innocence." (Recommendation 5). In his Objection, Petition claims that he told his trial counsel that he wanted to withdraw his guilty plea because "Petitioner knew that there were inconsistencies in [his] case that showed that he was in fact innocent." (Doc. 17 at 4). He does not identify any inconsistencies or specifically state how they lead to the conclusion that "he was in fact innocent."

As noted above, Petitioner failed to articulate or provide specific bases for his objections. Accordingly, Petitioner's Objection (Doc. 17) is **OVERRULED**. The Court finds no clear error in its review of the Recommendation.

IV. **CONCLUSION**

Upon full review and consideration of the record, the Court finds that Judge Sheppard's Recommendation (Doc. 14) should be, and hereby is, **ACCEPTED**, **ADOPTED**

4

and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Petition for Writ of Habeas Corpus, as amended, (Docs. 1 & 8) is **DISMISSED.**

Under Rule 11(a) of the Rules governing §§ 2254 and 2255 cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court finds that no reasonable jurist would find the Court's procedural ruling debatable. The Court therefore **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 4th day of June 2025.

                                              **/s/ W. Louis Sands**
                                              **W. LOUIS SANDS, SR. JUDGE**
                                              **UNITED STATES DISTRICT COURT**